# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Benton S. Coons,                                      Civil No. 03-5766 (DWF/SRN)

        Plaintiff,

v.                                                   **MEMORANDUM**
                                                     **OPINION AND ORDER**

Norman Y. Mineta, Secretary,
Department of Transportation
and Marion C. Blakely, Administrator,
Federal Aviation Administration,

        Defendants.

---

Sarah A. Reindl, Esq., and Thomas E. McEllistrem, Esq., Collins Buckley Sauntry & Haugh, counsel for Plaintiff.

Patricia R. Cangemi, Assistant United States Attorney, United States Attorney's Office, counsel for Defendants.

---

## Introduction

This matter is before the Court pursuant to a Motion to Dismiss, Alternatively for Summary Judgment, brought by Defendants Norman Y. Mineta, Secretary, Department of Transportation, and Marion C. Blakely, Administrator, Federal Aviation Administration (the "Government").  In his Amended Complaint (the "Complaint"), Plaintiff Benton S. Coons asserts causes of action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2004) and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e, *et seq.* (2004).   For the reasons set forth below, the Court grants in part and denies in part the Government's motion.[1]

## Background

Coons is a white male who was employed by the Federal Aviation Administration (FAA) as an Air Traffic Control Specialist at the Minneapolis Air Route Traffic Control Center ("Minneapolis ARTCC") between 1970 and 1981, during which time he was a member of the Professional Air Traffic Controllers Organization (PATCO).  In 1981, Coons and 10,000 other employees were fired for participating in a strike organized by PATCO.  After this mass discharge, President Reagan issued an Executive Order prohibiting all of the fired PATCO controllers from returning to FAA employment.  Since the strike of 1981, the Government has not employed Coons.

In 1993, President Clinton lifted the restriction on PATCO controllers, enabling ex-PATCO controllers to apply for FAA positions.  At that time, Coons applied for a position as an air traffic control specialist (ATCS) with the FAA.  Once Coons applied for a position, his application remained active, and he was not required to apply again.  The FAA

---

[1]     The Government contends that Blakely was improperly named as a separate defendant and requests that the Court dismiss the claims against Blakely.  Coons does not object.  The Court holds that Blakely is not a proper defendant and dismisses the claims against him.  *See* 42 U.S.C. § 2000e-16 (c) (2004) (providing that the only proper defendant in an action brought by a federal employee against his employer for alleged race or sex discrimination is the head of the agency employing the plaintiff); *see also Bechtel v. U.S. Office of Personnel Management*, 549 F. Supp. 111, 113 (N.D. Ga. 1982) (holding that the proper defendant in an ADEA case is also the head of the agency that took the personnel action affecting the plaintiff.)

subsequently compiled information about Coons and the other ex-PATCO controllers who had applied for positions.

In 1998, the Great Lakes Region of the FAA requested a list of ex-PATCO applicants for 13 available positions and 8 alternates in the Minneapolis ARTCC.  The FAA sent the ex-PATCO controllers' application packages to the Minneapolis ARTCC.  The applications identified the candidates by age and gender.  The FAA also rated the candidates. Coons had a rating of 93.  Joyce Brand, who coordinates the external hiring for ATCS positions for the Great Lakes Region Air Traffic Division, believed that it was permissible to make hiring decisions based upon age because all of the potential candidates were over 40 years of age.  Brand sent the Minneapolis ARTCC a list of ex-PATCO controllers that identified the applicants by name, rank, and age.  The FAA did not notify the applicants that it was hiring for the Minneapolis ARTCC in 1998, nor did it notify the candidates that they were being considered for the positions.

The Minneapolis ARTCC created a business management team (the "team") to conduct the hiring.  The team consisted of six individuals:  Dennis Randolph, Jim Powell, Garry George, Connie Hreha, Larry Roche, and Jack Huber.  Garry George, the operations manager at the Minneapolis ARTCC, decided that considering age as a hiring criteria "might be useful in determining an applicant's potential tenure."  (Aff. of Sarah A. Reindl ("Reindl Aff."), ¶ 8, Ex. 7, Aff. of Garry M. George at 1–2.)  George directed the human resources staff to compile a list for the team's use that identified the candidates by name, skill categories, and age.  Marlys Hillmer, who reported to George and helped compile the list,

advised George that age could not be used as a selection factor.  Hillmer stated that George

replied that age could be used because all of the applicants were over 40 and because Brand

told him age could be used.  (Reindl Aff., ¶ 9, Ex. 8, Aff. of Marlys Hillmer at 1.)

The list prepared for the team included 98 applicants and further identified the

applicants' names and ages.  There were two women and one African-American male on the

list.  Additionally, a male with the first name of "Kim" was further identified with a "Mr." on

the list.  (Suppl. Aff. of Benton S. Coons ("Coons Aff."), ¶ 10, Ex. H at 0000088.)  The

team offered 13 of the 98 candidates positions and selected 8 alternates.  But only 11 of

those offered positions accepted, and rather than being filled by alternates, the remaining

two spots remained open.  The two women and the African-American male were offered

positions, though the African-American male ultimately declined the offer.  The remaining

10 people hired and the 8 alternates were all white males.  Coons, who was 55 and more

qualified than the female, racial minority, and younger candidates, was not hired.

After the hiring process was completed, Robert Anderson, an ex-PATCO who was

rehired, stated that Larry Roche informed some ARTCC employees of the criteria used in

the re-hiring process.  According to Anderson, Roche stated that "if you were a female, you

were taken, if you were black, you were taken and if you were too old you were thrown out."

 (Reindl Aff., ¶ 4, Ex. 3, Aff. of Robert K. Anderson at 2.)  Ken Hayes, an ATCS in

Minneapolis, also stated that Roche told him the team used race, gender, and age in

selecting the ex-PATCOs.  Further, when Brand called Hayes to offer him a position, she

stated that he was selected because he had aviation experience and because the Minneapolis

4

ARTCC "could get at least five years of service out of [him]."  (Reindl Aff., ¶ 3, Ex. 2, Aff. of Ken Hayes at 2.)

Coons did not make any inquiries with the FAA after he filed his application in 1993, and the FAA never notified Coons that some individuals were selected for hire in 1998. Coons maintains that had he called the Minneapolis ARTCC to inquire about his application, it would have been futile.  In support of this contention, Coons notes that Bruce Cartier, an ex-PATCO who was not re-hired, stated that Brand refused to provide him with information regarding his application and the hiring process in general.  Coons contends that he did not become aware of any hiring decisions until December 19, 2002.  On that day, Coons ran into Richard Stavrakis, a former co-worker, who told him that other individuals had been rehired as air traffic controllers, that he [Stavrakis] had been subject to alleged discriminatory action in the rehiring process, and that other people who had not been selected had filed discrimination complaints.

On January 21, 2003, Coons consulted with an Equal Employment Office ("EEO") counselor.  On January 23, 2003, Coons filed an administrative complaint with the Department of Transportation (DOT) alleging that the FAA engaged in race, sex, and age discrimination regarding the re-hiring of ex-PATCOs.  In his EEOC complaint, Coons alleged that December 19, 2002, was the date on which the most recent alleged discrimination occurred.  The Government asserts that the Minneapolis ARTCC has not hired any ex-PATCOs since 1998.  Coons, however, contends that the refusal to hire ex-PATCOs further evidences discrimination.

In a final agency decision, the DOT dismissed Coons' complaint as untimely because it had been filed more than 45 days after the 1998 hiring and because Coons had failed to exercise due diligence in contacting an EEO counselor. The decision stated:

> complainant waited over four years before contacting an EEO Counselor. The Commission has held that complainants must act with due diligence in the pursuit of their claims or the doctrine of laches may be applied. The doctrine of laches is an equitable remedy under which an individual's failure to pursue his actions could bar his claim. Since complainant did not act with reasonable diligence in contacting an EEO Counselor, the doctrine of latches [sic] requires dismissal.

(Federal Defs.' Ex. Index ("Ex. Index"), Ex. 8 at A-44.) On appeal to the EEOC Office of Federal Operations, the EEOC affirmed the DOT's final agency decision. On September 10, 2003, the EEOC denied Coons' Motion for Reconsideration of its ruling. Coons filed the current action on October 28, 2003, and he filed his Amended Complaint on December 8, 2003, alleging age, race, and sex discrimination in violation of the ADEA and Title VII.

**Procedural Posture**

This is the second dispositive motion that the Government has brought before the Court in this case. In the first dispositive motion, the Government moved to dismiss for lack of subject matter jurisdiction, arguing that Coons had not timely filed an administrative complaint. The Court concluded that Coons had not acted reasonably and with due diligence in that he contacted the EEOC over four years after the agency's hiring decisions in 1998. Additionally, the Court held that the EEOC decision not to allow an extension of the 45-day time limit was entitled to deference because the decision was based on a reasonable interpretation of the regulation codified in 29 C.F.R. § 1614. On these bases, the Court

granted the Government's motion to dismiss and dismissed Coons' Complaint in its entirety.

Thereafter, Coons appealed the dismissal of his case to the Eighth Circuit. The Eighth Circuit held that the dismissal was premature and remanded for further development. *See Coons v. Mineta*, 410 F.3d 1036, 1037 (8th Cir. 2005). The Eighth Circuit concluded that the Court should not have dismissed Coons' Complaint for lack of subject matter jurisdiction and that Coons had made a cognizable threshold claim for equitable tolling, extension of the administrative time limit for seeing an EEO counselor, and ongoing discrimination sufficient to withstand the Government's motion to dismiss. *Id.* at 1042.

The Government now asserts that the record is more fully developed because the parties have since engaged in discovery. Based on this record, the Government moves the Court to grant summary judgment in its favor on the grounds that Coons was untimely in contacting an EEO counselor as required by the EEOC's regulations, rules, interpretations, and policy. Alternatively, the Government contends that the Court should not apply the doctrine of equitable-tolling to save Coons' otherwise untimely EEOC complaint.

## Discussion

## I.      Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences, which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna*

7

*Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996).  However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enterprise Bank*, 92 F.3d at 747.  The nonmoving party must demonstrate the existence of specific facts in the record, which create a genuine issue for trial.  *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.    Coons Has Satisfied the Procedural Prerequisites to Sue in Federal Court

The Government contends that Coons failed to timely pursue his administrative claims before the EEOC because he did not contact the EEO counselor within 45 days of the allegedly discriminatory 1998 hiring and because he did not file a notice of intent to sue within 180 days after the 1998 hiring.  Further, the Government contends that the doctrine of equitable tolling dos not excuse this alleged failure.

### A.    Extension of Time Limit Under 29 C.F.R. § 1614.105 (2004)

Pursuant to 29 U.S.C. § 633a (2004) and 42 U.S.C. § 2000e-16 (2004), applicants

for federal employment may bring actions alleging discrimination based on age, sex, or race. But before filing a federal employment action in district court, a complainant must comply with certain notice and exhaustion requirements. *Coons*, 410 F.3d at 1039. To satisfy these requirements for claims based on age discrimination, an aggrieved person may either exhaust his administrative remedy by contacting an EEO counselor within 45 days of the unlawful practice under 29 C.F.R. § 1614.105(a)(1) or give the EEOC notice within 180 days of the events complained of under 29 U.S.C. § 633a(d). With regard to claims based on sex discrimination, an aggrieved person has one option and that is to contact a counselor within 45 days of the unlawful practice under 29 C.F.R. § 614.105(a)(1). This 45-day time limit for contacting an EEO counselor under the administrative process "shall be extended" when a person:

> shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).

The Eighth Circuit Court of Appeals has held that deference is due an agency's interpretation when an interpretation is consistent with the regulation's plain meaning and "when an agency has developed its interpretation contemporaneously with the regulation, when the agency has consistently applied the regulation over time, and when the agency's interpretation is the result of thorough and reasoned consideration." *Advanta USA, Inc. v.*

9

*Chao*, 350 F.3d 726, 728 (8th Cir. 2003) (citing *Sioux Valley Hosp. v. Bowen*, 792 F.2d

715, 719 (8th Cir. 1986)); *see also Gardebring v. Jenkins*, 485 U.S. 415, 430 (1988)).

The Government contends that the Court should give deference to the EEOC's due

diligence requirement and decision to bar Coons' claims by imposing the doctrine of

laches.  The Government further contends that the Court should uphold the EEOC's

decision because the record reveals that Coons did not contact the FAA regarding his 1993

application until December 2002.  The Government finally contends that it is clear that

Coons did not exercise due diligence based on his failure to monitor his application.  Given

this alleged lack of diligence, the Government asserts that the doctrine of laches requires

dismissal, as the EEOC found.

In response, Coons contends that his EEO complaint is timely under 29 C.F.R.

§ 1614.105(a)(2).  Coons asserts that the Court should deny the Government's motion

because it has no additional factual support beyond what the Eighth Circuit considered when

it reversed the Court's decision to dismiss Coons' claims as untimely.  Additionally, Coons

contends that the Court need not give deference to the EEOC's decision that Coons failed

to exercise due diligence in pursuit of his claim.  Coons contends that the EEOC implicitly

incorporated a requirement of "due diligence" to apply to every clause of 29 C.F.R. §

1614.105(a)(2), which is inconsistent with the plain meaning of the regulation.  The Court

agrees.

No deference is due, here, because the EEOC's interpretation of the regulation is

contrary to the regulation's plain meaning.  The DOT and EEOC interpret the regulation as

requiring that all claimants must show due diligence, despite the presence of the disjunctive "or" in the regulation. *See Coons*, 410 F.3d at 1041. Rather, a plain reading of the regulation reveals that it requires due diligence only in one circumstance. 29 C.F.R. § 1614.105(a)(2) ("that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits"; *see also Coons*, 410 F.3d at 1041.

The Court finds that Coons has satisfied the first two factors of the regulation. First, the record reveals that Coons was not notified of the time limits and was not otherwise aware of them. Here, Coons was not a current federal employee at the time the discriminatory action occurred, and the Government concedes that it never provided Coons with notice of the time limits. Further, Coons testified that he was unaware of his right to file an EEOC complaint or of the filing deadline. Thus, on this record, the 45-day time limit must be extended pursuant to 29 C.F.R. § 1614.105(a)(2). *See Stephens v. Shalala*, 1999 WL 173730, *2 (EEOC March 19, 1999) (holding that the appellant's unrebutted contention that he was not informed or otherwise aware of the applicable time limit was sufficient justification to warrant an extension of the time limit).

Second, the record reveals that Coons did not know and reasonably should not have known that the discriminatory matter or personnel action occurred. Here, the evidence reveals that Coons first formed a reasonable suspicion that he had been subjected to alleged illegal discrimination on December 19, 2002, when he ran into a former co-worker and learned of the alleged discrimination in the re-hiring process. He subsequently filed an

11

EEO complaint within 45 days.  *See Elizabeth Baase v. Dept. of the Army, EEOC Request No. 01985678*, 2000 WL 270457, *1 (EEOC February 24, 2000) (adopting a "reasonable suspicion" standard to determine when the 45-day limitation period is triggered).  Thus, on this record, Coons did not know and reasonably should not have known that the alleged discriminatory matter had occurred until he had a reasonable suspicion.  Therefore, under the plain language of the regulation, the EEOC was required to extend the 45-day time limit for contacting an EEO counselor.  Accordingly, the Court finds that Coons exhausted his administrative remedy and satisfied the procedural prerequisites to sue in federal court.

**B.     Doctrine of Equitable Tolling**

Having found that Coons' timely contacted an EEO counselor under C.F.R. § 1614.105(a)(2), the Court need not address whether the doctrine of equitable tolling applies.  But as an alternative basis, the Court finds that even if Coons' failed to timely contact an EEO counselor under C.F.R. § 1614.105(a)(2), the doctrine of equitable tolling would apply to save his otherwise untimely contact of an EEO counselor.  In *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323 (8th Cir. 1995), the Eighth Circuit explained that the doctrine of equitable tolling may be used to modify the limitations period for filing EEOC charges in ADEA cases.  *Id.* at 1328.  The Eighth Circuit held that "when a reasonable person in the plaintiff's situation would not be expected to know of the existence of a possible ADEA violation, this excusable ignorance may provide the basis for the proper invocation of the doctrine of equitable estoppel."  *Id.* at 1329.

12

The Government asserts that the Court should not impose the doctrine of equitable tolling.  The Government contends that Coons cannot demonstrate that despite all due diligence, he was unable to obtain vital information bearing on the existence of his claim.  The Government contends that Plaintiff failed to monitor his application for nine years.  In response, Coons asserts that the Government is speculating when it asserts that if Coons had used due diligence, he could have obtained vital information bearing on the existence of his claim sooner than he did.  Rather, Coons contends there is no support that his failure to monitor his application has anything to do with the timeliness of his EEOC complaint.  Additionally, Coons contends that *Dring* did not involve 29 C.F.R. § 1614.105(a)(2), which requires that the 45-day deadline be extended under the facts of this case.

The Court finds that the doctrine of equitable tolling would apply and provide Coons relief from his otherwise untimely contact with an EEO counselor.  A reasonable person in Coons' situation would not be expected to know of the existence of a possible ADEA violation.  Coons had not been a federal employee since 1981 and had no prior experience or knowledge of anti-discrimination laws.  Further, the FAA did not provide Coons with any notice of any time limits or of his non-selection.  Therefore, the Court finds that Coons' excusable ignorance provides a proper basis for invoking the doctrine of equitable tolling.

### III.   Multiple Claims

Coons contends that under the continuing violation doctrine, his EEOC complaint is timely for all hiring from and after the 1998 hiring.[2]  Coons contends that the Government's alleged discriminatory hiring practices continued after the 1998 hiring as evidenced by the Government's failure to consider ex-PATCOs' applications or hire from the list of ex-PATCOs.  Coons points out that because the Government had already hired or offered employment to every female or minority on the ex-PATCO list in the 1998 hiring, the remaining eligible candidates on the list were Caucasian males over 40.  Thus, according to Coons, the Government's failure to consider the list of ex-PATCOs for hire violates the ADEA and Title VII.

In response, the Government asserts that after the Supreme Court's decision in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), "the 'continuing violation' theory is dead."  (Federal Defendants' Reply to Pl.'s Mem. in Opp'n to Defendants' Rule 12 Mot. to Dismiss, or Alternatively for Summ. J. at 3.)  In particular, the Government contends that each allegation of failure to hire results in a separate and distinct cause of action with its own limitation period.  Thus, the Government contends that Coons should be prohibited from introducing evidence of any alleged discriminatory hiring done between the 1998 hiring and the present.

---

[2]      The Government failed to answer Coons' discovery request to provide the names, gender, and race of those selected for hire in all air traffic controller positions from 1998 through the present.  Thus, viewing the evidence in the light most favorable to Coons, the

(Footnote Continued on Next Page)

The Court begins its analysis by noting that on review of the Court's Order regarding the Government's first dispositive motion in this case, the Eighth Circuit noted that Coons' Complaint alleges that younger individuals have been hired as air traffic controllers at the Minneapolis center "between 1993 and the present." *Coons*, 410 F.3d at 1042.  Viewing this statement in the light most favorable to Coons, the Eighth Circuit held that Coons had sufficiently alleged ongoing discrimination, therefore causing the 45-day cycle to restart throughout this period and making his EEOC complaint timely for purposes of the motion. The Eighth Circuit further noted that Coons "administrative complaint referred even more explicitly to ongoing discrimination practices, but neither the administrative decisions nor the district court order addressed this aspect of his claims." *Id.*  The Eighth Circuit explained that the Government's argument that no air traffic controllers have been hired from the ex-PATCO list at the Minneapolis ARTCC since the contested 1998 hiring would be more appropriately argued at summary judgment.  *Id.*

The Court next addresses the Government's assertion that *Morgan* bars Coons' claims that the Government discriminated in hiring beyond the 1998 hiring.  "In *Morgan* the Supreme Court spelled out the distinction between discrete acts of discrimination and hostile work environments [in Title VII claims] and explained why they should have different limitation periods." *Madison v. IBP, Inc.*, 330 F.3d 1051, 1056 (8th Cir. 2003). The Supreme Court held that in order to recover for a discrete retaliatory or discriminatory

---

(Footnote Continued From Previous Page)
Court assumes Coons' assertions of gender and race discrimination to be true at this stage.

act (such as termination, refusal, to hire, or failure to promote), the plaintiff would have had to file an EEOC claim within either 180 or 300 days of that discrete act.  *Id.*  In *Tademe v. Saint Could State University*, 328 F.3d 982, 988 (8th Cir. 2003), the Eighth Circuit applied *Morgan* to bar the plaintiff's claims of discrimination in tenure and promotion under the statute of limitations.  The Eighth Circuit explained that "[b]oth decisions were discrete acts that constituted separate employment practices."  *Id.*  The Eighth Circuit further explained that "*Morgan* makes clear that the failure to promote, refusal to hire, and termination are generally considered separate violations."  *Id.*

The Court finds that Coons' EEOC complaint  is timely for all hiring from and after the 1998 hiring under the continuing violation doctrine.  Here, Coons alleges that the Government engages in a systemic discriminatory approach to hiring.  Essentially, Coons asserts that the Government has implemented an over-arching policy of discrimination that has led to discrete discriminatory acts.[3]  In his EEOC complaint, Coons alleged that December 19, 2002, was the date on which the most recent alleged discrimination

---

[3]      Alternatively, the Government made the conclusory assertion that "even if the Court were to allow Coons' claims to proceed as though they were timely, he has not alleged any actions taken by defendants against him which can sustain a claim against defendants." (Federal Defendants' Mem. in Supp. of Mot. to Dismiss, Alternatively for Summ. J. at 3.) In response, Coons asserts that he has provided direct and alternatively, indirect, evidence of age, race, and gender discrimination.  The only argument that the Government makes to support its conclusory statement and respond to Coons' arguments, is that Coons allegedly has not identified any similarly situated individuals, *i.e.*, PATCO applicants that were hired off the PATCO register after 1998.  In response, Coons contends that this argument only further supports his claim that the FAA has a policy of discriminatory hiring because, after the 1998 hiring, all of the remaining eligible candidates on the ex-PATCO list are

(Footnote Continued on Next Page)

occurred.  The record reveals that the Minneapolis ARTCC hired two ATCSs on December 15, 2002, less than 45 days before Coons filed his EEOC complaint.  The Court finds that although the 1998 hiring and 2002 hiring were arguably discrete acts, they do not constitute separate employment practices.  Further, although the Government asserts that the Minneapolis ARTCC has not hired any ex-PATCOs since 1998, Coons contends that the refusal to hire ex-PATCOs further evidences discrimination.  Viewing this evidence in the light most favorable to Coons, the Court finds that a genuine issue of material fact exists. Therefore, the Government is not entitled to summary judgment.

### Conclusion

Accordingly, **IT IS HEREBY ORDERED THAT:**

1.      Defendants' Motion to Dismiss, Alternatively for Summary Judgment (Doc. No. 42) is **GRANTED** insofar as it relates to Marion C. Blakely and **DENIED** insofar as it relates to summary judgment.

2.      The claims against Marion C. Blakely contained in the Amended Complaint (Doc. No. 3) are **DISMISSED WITH PREJUDICE**.

Dated:  November 2, 2006          s/Donovan W. Frank
`                                 DONOVAN W. FRANK
                                  Judge of United States District Court

---

(Footnote Continued From Previous Page)
Caucasian males over 40.